**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAISY MARTE : <br> 25 Salisbury Road, Apt. A : <br> Wayne, NJ 07470 : <br>     Plaintiff : <br>   v. : <br> : <br> COMMUNITY CHARTER SCHOOL : <br>  OF PATTERSON : <br> 75 Spruce Street : <br> Patterson, NJ 07501 : <br> : <br>   and : <br> : <br> CURTIS PALMORE : <br> 75 Spruce Street : <br> Patterson, NJ 07501 : <br>     Defendants : | CIVIL ACTION NO. _____ <br><br><br> JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

Plaintiff, Daisy Marte, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action against the named Defendants alleging race, gender, and disability discrimination and retaliation in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 *et. seq.* (as amended), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §10:5-1 *et. seq*. Plaintiff alleges and avers in support thereof:

**Parties**

1. Plaintiff, Daisy Marte, is an adult female homosexual Hispanic individual who, at all times relevant, resided at the above captioned address and was an employee of Community Charter School of Patterson, and worked under the direction and supervision of Curtis Palmore, the Chief Executive Officer of Community Charter School of Patterson.

2. Defendant, Community Charter School of Paterson ("Defendant CCSP"), is an entity and/or organization duly existing under the laws of the State of New Jersey and had/has a registered office at the above captioned address. Defendant CCSP was Plaintiff's employer.

3. Defendant, Curtis Palmore, is an adult African American male individual and the Chief Executive Officer of Defendant CCSP, who at all times relevant, was Plaintiff's direct supervisor and an employee of Defendant CCSP, with the ability to make material decisions including whether to hire, fire, promote, demote, discipline, and/or other material decisions.

4. Defendant CCSP accepted, adopted, acquiesced, and/or was otherwise bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents, including Defendant Palmore.

**Jurisdiction and Venue**

5. Subject matter jurisdiction is proper with this Court as the action involves Federal Question jurisdiction, 28 U.S.C. §1331, and the Court has supplemental jurisdiction, 28 U.S.C. §1367, over the State Law causes of action.

6. Venue is proper before this Court as Defendants' reside and operate a business in Passaic County, in the State of New Jersey, which is within the respective jurisdiction of the Newark Division (i.e. Bergen, Essex, Hudson, Morris, Passaic, Sussex, and Union counties, and the northern part of Middlesex County.).

7. Plaintiff has exhausted administrative to bring this matter by having timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the New Jersey Division on Civil Rights, and having received a Notice of Right to Sue.

**Relevant Facts**

8. Plaintiff was employed as a Talent Manager for Defendant CCSP beginning January 8, 2018 and had entered two consecutive ten-month contracts for school years, 2018-2019 and 2019-2020, when Defendants placed Plaintiff on indefinite suspended status on February 26, 2020 and then never returned her to work or reupped her contract.

9. Plaintiff earned $70,000 annually working for Defendant CCSP.

10. Plaintiff has extensive knowledge and experience in talent selection.

11. The student body at Defendant CCSP is primarily African American and Hispanic/Latino.

12. Defendant Palmore maintained strict views about the hiring of a diverse staff, specifically the hiring of African American educators.

13. Defendant Palmore's views led to disputes between him and Plaintiff about hirings and views that Plaintiff maintained were in opposition to equal employment opportunity.

14. Additionally, Defendant Palmore told Plaintiff he does not like to hire or promote persons with disabilities, or family issues, because they cannot give their all to the job.

15. This comment was particularly unwelcomed to Plaintiff as Defendant Palmore knew and was aware of Plaintiff's disabilities.

16. Plaintiff suffers from mental health disabilities including anxiety, Post Traumatic Stress Disorder, Attention Deficiency Disorder, Attention Deficiency Hyperactivity Disorder, Diabetes, Panic Attacks, and other ailments of which Defendants were aware and on notice.

17. Plaintiff's conditions severely limit her ability to perform everyday activities. Alternatively, Defendants perceived Plaintiff as disabled, as a result of the foregoing.

18. The foregoing disputes between Plaintiff and Defendant Palmore over equal employment opportunity issues resulted in her receiving "Requires Improvement" performance ratings.

19. Despite Defendant Palmore issuing Plaintiff poor performance ratings, he talked to her about advancement opportunities, promotions, raises, and opportunities for which he had no intention of acting upon, to discourage Plaintiff from employment.

20. Defendants also failed to intervene and purposely failed to intervene to stop hostilities directed at Plaintiff from a Caucasian male co-worker, until Plaintiff had to demand that she be removed from further contact with this individual.

21. Plaintiff requested accommodations due to flare-up of her disabilities, for example a later start time and later leave time, telecommuting, and wearing headphones during work hours but Defendants denied every request.

22. Defendants never reasonably engaged the interactive process and/or failed to reasonably accommodate.

23. Defendant Palmore distributed Plaintiff's job responsibilities to African American employees and new hires, including Jasmine Negrini, Simone Stinson, and Shebra Jones. He also distribted Plaintiff's job responsibilities by contracting without outside African American consultants, to further erode Plaintiff's responsibilities.

24. Defendant Palmore was motivated to replace Plaintiff with an African American employee and/or someone outside Plaintiff's protected classes.

25. Plaintiff complained to Human Resources of mistreatment and unequal treatment based on her protected classes but no investigations transpired and nothing was done.

26. On May 17, 2019 Defendant Palmore suspended Plaintiff for allegedly giving incorrect salary information to a new African American female hire, Patrice Singletary. In the written reprimand (the first of any kind for Plaintiff), Defendant Palmore threatens discipline up to and including termination.

27. A Human Resources Administrator, Patrice (Last Name Unknown), who is African American, had met with Ms. Singletary and reviewed the hiring documents with Ms. Singletary, but was not disciplined, despite having given the same salary information.

28. Plaintiff disputed the reprimand and its harshness.

29. Plaintiff complained about Defendant Palmore.

30. On February 26, 2020 Defendant Palmore suspended Plaintiff indefinitely for having downloaded information that was already publicly available, and Plaintiff had downloaded this information to support her recent complaints of discrimination.

31. After Plaintiff was suspended, Defendant CCSP began investigating her complaints of discrimination.

32. Plaintiff never received findings from the investigation as she was discharged before the investigation ended.

33. Plaintiff's contract expired while she was suspended. Defendant did not reup the contract.

34. It is alleged and believed the decision to not return Plaintiff to work was made by Defendant Palmore and/or made with his input, recommendation, and/or authorization.

35. Defendants had sought to terminate or force Plaintiff out of employment, created a hostile work environment, based on her protected statuses, and then terminated her in retaliation for having made a complaint or complaints about discrimination.

36. Defendants replaced Plaintiff with someone outside her protected status.

37. Defendants refused to engage the interactive process and reasonably accommodate Plaintiff.

38. The temporal proximity between Plaintiff's complaints and the adverse actions/termination alleged *supra*, were close in time to be unusually suggestive that Defendants' actions was/were retaliatory.

39. Alternatively, the series of antagonistic conduct toward Plaintiff following her protected activities of having made complaints raise an inference of retaliation.

## COUNT ONE
### Hostile Work Environment
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2 et. seq.*
*Plaintiff v. Defendant CCSP*

40. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

41. Plaintiff was subjected to harassment and da hostile work environment by her direct supervisor Defendant Palmore as she was subjected to (i) conduct and comments, (ii) that were of a discriminatory nature, that had the intend or effect of creating an unreasonably hostile work environment.

42. At all times, Defendants comment and conduct was unwelcome.

43. As a direct and proximate result of Defendant's harassment, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

44. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

45. Plaintiff seeks attorney's fees and costs.

46. Plaintiff seeks equitable remedies.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

**COUNT TWO**
**Discrimination and Disparate Treatment**
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2, et. seq.*
*Plaintiff v. Defendant CCSP*

47. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

48. Defendant is/are an employer under 42 U.S.C. § 2000 *et. seq* as it/they is/are engaged in an industry affecting commerce and have 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

49. Plaintiff is a person and thus is protected under 42 U.S.C. §2000 *et. seq.* and has a protected class in her race, gender, and sexual orientation.

50. Under 42 U.S.C. § 2000e-2 it shall be an unlawful employment practice for an employer – to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

51. At all times, Plaintiff was qualified and capable for the position she held.

52. Defendant discriminated against, disparately treated, and terminated Plaintiff unfavorably in relation to similarly situated individuals/employees outside her protected class.

53. Defendant replaced Plaintiff with persons outside her protected classes.

54. As a direct and proximate result of Defendant's disparate treatment and discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering,

loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

55. Defendant CCSP's actions were willful and wanton and thus require the imposition of Punitive Damages.

56. Alternatively, as Defendant CCSP's foregoing conduct was motivated, in part, by discrimination on the basis of her protected class, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

## COUNT THREE
**Retaliation**
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2, et. seq.*
*Plaintiff v. Defendant CCSP*

57. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

58. Under Title VII it shall be a violation to retaliate against any person who has complained and/or opposed any conduct that is a violation of Federal discrimination law.

59. Plaintiff engaged protected activity when she complained to about harassment and discrimination and especially when she complained specifically about Defendant Palmore, and an investigation was launched.

60. Defendant took adverse actions against Plaintiff, including disciplining her, denying her amenities of employment, giving negative reviews, and ultimately suspending and terminating her, which was/were temporally proximate to the protected activity such that it is/was unusually suggestive of retaliation to raise an inference of retaliation.

61. Alternatively, there is a series of antagonistic conduct and/or a series of animus such that an inference of retaliation arises.

62. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

63. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

## COUNT FOUR
### Discrimination, Hostile Work Environment, & Disparate Treatment
*New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et. seq.*
*Plaintiff v. All Defendants*

64. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

65. Defendant CCSP is an employer under the New Jersey Law Against Discrimination ("NJLAD") because it is an entity, organization, and/or corporation. N.J.S.A. 10:5-5(e).

66. Defendant Curtis Palmore is also an employer and/or subject to liability under the NJLAD because he is a person or an individual. N.J.S.A. 10:5-5(a).

67. The NJLAD makes it an unlawful employment practice, among others, for an employer because of race, creed, color, national origin, ancestry, age, marital status, etc… discrimination against such individual in compensation or in terms, conditions or privileges of employment. N.J.S.A. §10:5-12.

68. Defendants violated the NJLAD by having discriminated against, disparately treated, harassed, created a hostile work environment, and terminated Plaintiff as alleged *supra* on account of her race, gender, sexual orientation, and disability.

69. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

70. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

71. Plaintiff seeks payment of costs and reasonable attorney's fees.

72. Alternatively, as Defendants' considered and/or were motivated by wrongful discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, and Defendant, Curtis Palmore, for any and all damages and relief deemed necessary and just by the Court.

**COUNT FIVE**
**Retaliation**
*New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et. seq.*
*Plaintiff v. All Defendants*

73. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

74. Under the NJLAD: it shall be an unlawful employment action: "for any person to ***take reprisals against any person because that person has opposed any practices or acts forbidden under this act*** or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the

exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act." N.J.S.A. 10:5-12(d)(emphasis added)

75. Plaintiff engaged in protected activity and/or opposed discrimination forbidden by the NJLAD.

76. Defendant retaliated, took reprisal, and/or took adverse action against Plaintiff all within temporal proximity to Plaintiff's protected activity/opposition, such that an inference of retaliation arises, as alleged *supra*.

77. Alternatively, there is/are a series of antagonistic and/or series of animus against Plaintiff from which an inference of retaliation arises.

78. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

79. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

80. Plaintiff seeks payment of costs and reasonable attorney's fees.

81. Alternatively, as Defendant considered and/or were motivated by wrongful discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, and Defendant, Curtis Palmore, for any and all damages and relief deemed necessary and just by the Court.

## COUNT SIX
### Intentional Infliction of Emotional Distress
*New Jersey Law Against Discrimination ("NJLAD") and/or Common Law*
*Plaintiff v. All Defendants*

82. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

83. A claim for Intentional Infliction of Emotional Distress requires proof that (1) defendant acted recklessly or intentionally; (2) the conduct was extreme and outrageous; (3) the defendant's action was/were the proximate cause of the distress; and (4) the plaintiff actually suffered severe emotional distress. Buckley v. Trenton Saving Fund Society, 111 N.J. 355 (1988) (citing Restatement, Second, of Torts, §46 (1965)).

84. Defendants actions were reckless, intentional, extreme, and outrageous and as a result Plaintiff has suffered severe emotional distress.

85. Plaintiff has had loss of sleep, stress, anxiety, depression, and other related emotional harms.

86. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss, loss of benefits, emotional distress, pain and suffering, loss of reputation, and similar damages.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, and Defendant, Curtis Palmore, for any and all damages and relief deemed necessary and just by the Court.

**COUNT SEVEN**
**Failure to Reasonably Accommodate / Engage Interactive Process in Good Faith**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
*Plaintiff v. Defendant CCSP*

87. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

88. Defendant is an employer under the ADA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

89. Plaintiff is a qualified individual with a disability she has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment." 42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

90. Specifically, Plaintiff's mental health conditions limit and/or impair her ability to, work, focus, and/or perform other related daily activities, but Plaintiff could do the essential functions of her job with or without a reasonable accommodation.

91. Plaintiff required an accommodation to work form home as her mental health conditions were preventing her from working at the office.

92. Defendant did not engage the interactive process in good faith.

93. Defendant did not attempt to reasonably accommodate Plaintiff.

94. Defendant did not reasonably accommodate Plaintiff.

95. Defendant could have accommodated Plaintiff without hardship, but did not accommodate her reasonably.

96. An accommodation would not have caused any undue hardship on Defendant.

97. As a result of Defendant's refusal and/or failure to reasonably accommodate Plaintiff, he was constructively discharged.

98. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

99. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

100. Plaintiff seeks reemployment with accommodation.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

### COUNT EIGHT
### Disparate Treatment and Harassment
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
*Plaintiff v. Defendant CCSP*

101. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

102. Defendant disciplined Plaintiff in disparate manner in relation to similarly situated individuals who did not have disabilities.

103. Defendant did not attempt to reasonably accommodate Plaintiff.

104. Defendant through comments and conduct harassed Plaintiff with the intent or effect of creating a hostile work environment.

105. As a direct and proximate result of Defendant's discrimination and harassment, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities

of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

106. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

### COUNT NINE
**Retaliation**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
*Plaintiff v. Defendant CCSP*

107. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

108. Plaintiff engaged protected activity when she complained about discrimination.

109. Plaintiff engaged protective activity when he requested a reasonable accommodation.

110. In retaliation for Plaintiff's complaint and/or requests for accommodation, Defendant began to disparately discipline Plaintiff, suspend, and ultimately terminate Plaintiff.

111. Defendant's foregoing negative and adverse actions were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

112. Alternatively, evidence exists to show Defendant's forgoing negative and adverse conduct was causally related to the protected activity, and thus retaliatory.

113. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out

of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

114. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Daisy Marte, hereby demands judgment in her favor and against Defendant, Community Charter School of Patterson, for any and all damages and relief deemed necessary and just by the Court.

                                      DEREK SMITH LAW GROUP, PLLC

By: _____
    Christopher J. DelGaizo, Esquire
    Attorney for Plaintiff

    Attorney I.D. No. 042832005
    1835 Market Street, Suite 2950
    Philadelphia, PA 19103
    T: (215) 391-4790
    Fax: 215-501-5911
    Email: Chris@dereksmithlaw.com

Date: December 16, 2020